IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFF POFF,

                         Plaintiff,

    v.

LT. SCULLION, CPT. TAYLOR, CPT.
ESSER, CPT. FEEDIE, LT. KOLBO, GARY
BOUGHTON, PAULA STOUDT, JACOB
CIRIAN, SGT. WALDERA, SGT. MATIVA,
SGT. MEZENETE, SGT. MELLUM, SGT.                 ORDER
BEMISH, SGT. WINGER, CO II WEADGE,
CO II HACKETT, CO II WILKINSON,                    23-cv-598-wmc
CO II COLIN, CO II JOHNSTON, CO II
LAXTON, CO II BELZ, THREE JON DOE CO'S,
UNIT MANAGER BROWN, NURSE KEITH,
HSU MANAGER KINYON, DR. RIBATE
JUSTIN, ICE R. BOYER, ICE E. RAY, ICE
J. PAYNE, and (BWC) COMPANY,

                         Defendant.

Plaintiff Jeff Poff, a state inmate who represents himself, filed a 21-page hand-written complaint against 39 defendants regarding a series of unrelated incidents at the Wisconsin Secure Program Facility ("WSPF"). (Dkt. #1.) Plaintiff has since filed a motion for leave to amend and a 27-page amended complaint which, similar to the original, raises numerous unrelated claims against multiple defendants stemming from incidents that occurred during 2022 and 2023. (Dkt. #10, #16.) Plaintiff's motion for leave to amend will be denied and his complaints (both the original and amended complaint) will be dismissed for reasons that follow.

Because plaintiff is incarcerated, this action is governed by the Prison Litigation Reform Act ("PLRA"), which requires prisoners to pay the full amount of the filing fee for each action and appeal. 28 U.S.C. § 1915(b). District courts have an obligation under the PLRA, 28 U.S.C. § 1915A(b), to screen a every prisoner complaint and to dismiss the action if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. *See also* 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). If a prisoner incurs three dismissals for filing an action that is found to be frivolous or fails to state a claim, he may be barred under the PLRA from proceeding without prepayment of the filing fee in future cases. 28 U.S.C. § 1915(g).

When reviewing submissions filed by a pro se litigant, courts must apply a less stringent standard than pleadings drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Nevertheless, pro se litigants are required to comply with the rules of procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). When a prisoner files a multi-claim complaint against multiple defendants, the court must consider whether the complaint complies with the federal pleading rules on joinder. *See George v. Smith*, 507 F.3d 605, 607 (5th Cir. 2007). A party may assert as many claims as it has against another party. Fed. R. Civ. P. 18(a). But individuals may be joined in one action as defendants only if a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," *and* there is a "question of law or fact common to all defendants[.]" Fed. R.

Civ. P. 20(a)(2).   Rule 20 mandates that "[u]nrelated claims against different defendants belong in different suits[.]" *George*, 507 F.3d at 607.

Both the original and amended complaint filed by plaintiff raise numerous, disjointed claims concerning unrelated instances of retaliation, uses of force, inadequate medical care, denials of due process, improper cell searches, assorted violations of DOC policy, and a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").   He also includes a state-law products liability claim.   Plaintiff does not establish that his claims stem from the same event or feature questions of law and fact that are common to all of the named defendants.   As such, his pleadings do not comply with Rule 20.

The Seventh Circuit has urged district courts to beware of "'scattershot' pleading strategies" by prisoners attempting to circumvent restrictions found in the PLRA and has encouraged dismissal of "'omnibus' complaints" raising claims about unrelated conduct against unrelated defendants.   *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018) (citations omitted).   For this reason, the court will deny plaintiff's motion for leave to amend and will dismiss both the original and amended complaints.

To proceed plaintiff must file an amended complaint on the court's prisoner complaint form that complies with Rule 20 by focusing on a claim or set of claims stemming from one transaction or occurrence and which features questions of law and fact that are common to all named defendants.   Plaintiff must file his amended complaint on the court's prisoner complaint form.   If plaintiff needs any further space to allege his claims, he may submit no more than eight supplemental pages.   Any handwritten text on the form or any

3

supplemental sheet of paper must be legible, with a space between paragraphs and adequate margins for the court to read it easily.

In drafting his amended complaint, plaintiff should be mindful that, to state a claim, his pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Poff's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d).  Poff should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Plaintiff should identify the claims he wishes to allege in the amended complaint but should omit any legal arguments. Plaintiff may join multiple defendants only when his claims against each one "arise from the same set of events and share a common question of law or fact." *Mitchell*, 895 F.3d at 502-03 (citing Fed. R. Civ. P. 20(a)(2)(A)).

Plaintiff should carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.  Plaintiff must briefly explain what each defendant did, or failed to do, to violate his rights, and should avoid referring to defendants collectively.  Plaintiff should also identify by full name all the individuals he wishes to sue in the amended complaint's caption.  To the extent possible, plaintiff should identify each defendant by the individual's full name, and he should also identify any John Doe defendant with as much specificity as possible.

ORDER

IT IS ORDERED that:

1.  Plaintiff Jeff Poff's motion for leave to amend (dkt. #10) is DENIED.

4

2. Poff's original complaint and amended complaints (dkt. #1, #16) are DISMISSED without prejudice.

3. Within thirty days of the date of this order, plaintiff shall file an amended complaint that addresses the deficiencies outlined in this Order and complies with Fed. R. Civ. P. 20. This amended complaint will act as a complete substitute for his previous complaints and will be subject to screening under 28 U.S.C. § 1915A(b).

4. If plaintiff fails to comply as directed, this case will be dismissed pursuant to Fed. R. Civ. P. 41(b).

Entered this 11th of July, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge