IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

                    Plaintiff,

   v.

LT. SCULLION, CPT. TAYLOR, CPT.           OPINION AND ORDER
ESSER, SGT. MEZZETE, LT. KOLBO,
GARY BOUGHTON, PAULA                   23-cv-598-wmc
STOUDT, JACOB CIRIAN, SGT.
CHAD WINGER, ICE R. BOYER,
and ICE E. RAY,

                    Defendants.

---

Representing himself, plaintiff Jeff Poff filed a prisoner civil rights complaint, asserting multiple claims against 31 defendants, and an amended complaint that raised claims concerning several separate, unrelated incidents. (Dkt. ##1, 16.) In an order entered on July 11, 2024, the court dismissed both the original and amended complaints for violating Federal Rule of Civil Procedure 20 but granted plaintiff an opportunity to file an amended complaint. (Dkt. #17.) Plaintiff has now filed another amended complaint against the following defendants who are employed by the Wisconsin Department of Corrections ("DOC"): (1) Lieutenant Matthew Scullion; (2) Captain Taylor; (3) Captain Esser; (4) Sergeant Mezzette; (5) Lieutenant Kolbo; (6) Warden Gary Boughton; (7) Deputy Warden Paula Stoudt; (8) Security Director Jacob Cirian; (9) Sergeant Chad Winger; (10) Inmate Complaint Examiner ("ICE") R. Boyer; and (11) ICE E. Ray. (Dkt. #18.)

Because plaintiff is a prisoner who requests leave to proceed *in forma pauperis*, the court must screen the amended complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is immune from such requests. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). In conducting this review, the court must accept plaintiff's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than pleadings drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The plaintiff must still provide enough facts to "state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the reasons explained below, the amended complaint will be dismissed.

PLAINTIFF'S ALLEGATIONS[1]

Poff is currently confined at the Waupun Correctional Institution. Poff alleges that his civil rights were violated in connection with a conduct report that he received while he was previously confined at the Wisconsin Secure Program Facility ("WSPF"), where all of the defendants were employed.

Poff explains that on October 15, 2022, a group of unidentified correctional officers came to his cell in Echo Unit and placed him in temporary lockup ("TLU"), which is segregated confinement. The officers were acting on a tip from a confidential informant, who reportedly saw Poff assault another inmate. Once in TLU, defendants Mezzette and

---

[1] Unless otherwise indicated, the allegations in this section, which are taken as true for purposes of screening, are from plaintiff's most recent amended complaint. (Dkt. #18.)

Kolbo asked Poff if he wanted to meet with the Grant County Sheriff's Department or be seen by the prison Health Services Unit ("HSU") for any injuries he may have sustained during the assault. Poff declined to speak with the Grant County Sheriff's Department and instead asked to speak to a lawyer. He also declined to be seen by the HSU.

On October 26, 2022, defendant Winger served Poff with a conduct report for assaulting an inmate (CR#288346). Poff argues that this was a procedural error because he was served beyond the time limit allowed under Wis. Admin. Code § DOC 303, which contains the departmental policy governing inmate disciplinary proceedings.

Poff requested a full due process hearing with the assault victim appearing in person. Alternatively, Poff asked that the victim provide a written statement describing the alleged assault to his advocate (Winger) so that plaintiff could submit the statement to the hearing officer. On November 10, 2022, defendant Taylor held a hearing on CR #288346 but denied Poff's request for the victim to appear in person or provide a written statement. Poff claims that he was denied the right to confront and cross-examine the victim.

Poff was found guilty of the assault charges against him in CR #288346, which he claims were false, and sentenced to 120 days in disciplinary segregation. Poff also claims that he was placed in administrative confinement for six months, from January 2023, through July 2023, due in part to this conduct report. (Dkt. #16, at ¶ 37.)

On December 20, 2022, Poff filed an appeal in CR #288346, challenging the finding of guilt and raising a due process claim concerning the hearing officer's failure to require the victim to either testify in person or submit a written statement as allowed by

Wis. Admin. Code § DOC 303.84(5) and (6).[2]  On December 27, 2022, defendant Stoudt denied the appeal and affirmed the result, stating that the finding of guilt was based on sufficient evidence and that no procedural error had occurred.

The following day, Poff filed an administrative complaint (WSPF-2023-1739) about the procedural error that occurred during his hearing when he was denied the right to question the assault victim in connection with CR #288346.  Defendant Boyer dismissed this complaint on February 7, 2023.

On February 15, 2023, Poff appealed Boyer's decision to the Corrections Complaint Examiner ("CCE").  Poff argued that the hearing officer committed a procedural error by preventing him from cross-examining the assault victim.  Specifically, Poff argued that there was no evidence that the victim was in any danger and no reason was offered as to why he could not question him or, at the very least, request that a written statement about the assault be provided to his advocate.

---

[2] Poff references departmental policy on witnesses requested at due process hearings in disciplinary matters, as follows:

> If the security director finds that testifying would pose a risk of harm to the witness, the hearing officer may consider a confidential statement signed under oath from that witness without revealing the witness's identity or a signed statement from an employee getting the statement from that witness. The hearing officer shall reveal the contents of the statement to the accused inmate, except the hearing officer may edit or summarize the statement to avoid revealing the identity of the witness. The hearing officer may question a confidential witness if the witness is available.

Wis. Admin. Code § DOC 303.84(5).  Written statements may be considered if approved by the hearing officer provided that they are corroborated.  *Id*. at § DOC 303.84(6).

On March 9, 2023, the CCE upheld Boyer's decision. Poff alleges that neither Boyer nor the CCE did any independent investigation and, instead, relied on unspecified "fabricated statements" by defendant Scullion.

OPINION

Plaintiff contends that defendants Taylor and Winger violated his Fourteenth Amendment right to due process and equal protection during his hearing on CR #288346 by failing to ensure that the assault victim appeared in person or submitted a written statement in compliance with prison policy. By sentencing him to 120 days of disciplinary separation based on "falsified claims," plaintiff contends that Taylor violated his Eighth Amendment right to be free from cruel and unusual punishment as well as the Fourteenth Amendment right to due process and equal protection. Plaintiff contends further that defendants Stoudt, Boughton, Cirian, Boyer, Ray, Scullion, Taylor, and Winger violated his right to due process by failing to properly investigate or overturn the guilty finding made in connection with CR #288346. Invoking 42 U.S.C. § 1983, plaintiff seeks declaratory relief as well as compensatory and punitive damages from each defendant.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen an indigent litigant's complaint before service on the defendants and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A complaint may be dismissed as frivolous if it is clearly baseless or fanciful. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Hoskins v. Poelstra*, 320 F.3d

5

761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]").  In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal under federal pleading standards, "[the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

## A.  Lack of Personal Involvement

Plaintiff does not allege facts showing that defendants Mezzette, Kolbo, or Esser had any involvement in charges lodged against him in CR #288346, the disciplinary hearing, the ensuing appeal, or the investigation of his administrative grievance.  To hold an official liable under 42 U.S.C. § 1983, the official must have had personal involvement in the alleged deprivation of the plaintiff's constitutional rights.  *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation).  Because the facts alleged do not show that these defendants had any

6

involvement with a violation of plaintiff's constitutional rights, the claims against defendants Mezzette, Kolbo, and Esser will be dismissed.

## B.  Fourteenth Amendment Due Process Claims

### 1. Disciplinary Proceedings

Plaintiff claims that defendants Taylor and Winger violated his right to procedural due process in connection with the disciplinary hearing for CR #288346, which resulted in a temporary placement in segregated confinement.  Specifically, plaintiff alleges that defendant Winger violated due process by serving him with CR #288346 in an untimely manner in violation of prison policy found in Wis. Admin. Code § DOC 303.  Plaintiff claims further that both defendants Taylor and Winger violated due process by failing to ensure that the victim appeared in person as a witness at the hearing or provided a written statement describing the assault as required by prison policy found in Wis. Admin. Code § DOC 303.84(5) & (6).

Policy violations, standing alone, are not actionable under § 1983.  *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of . . . departmental regulations.").  To prevail, plaintiff must demonstrate a violation of the Fourteenth Amendment Due Process Clause, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.  To state a procedural due process claim in this context, a plaintiff must demonstrate that he: (1) has a recognized liberty interest;

(2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010).

Plaintiff cannot prevail on a due process claim because prisoners "do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *Smith v. Akpore*, 689 F. App'x 458, 460 (7th Cir. 2017). *See also Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) ("an inmate's liberty interest in avoiding disciplinary segregation is limited") (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). A protected liberty interest is triggered only when segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

To determine if a sentence of disciplinary segregation amounts to an atypical and significant hardship, courts look "to both the duration of the segregation and the conditions endured." *Lisle*, 933 F.3d at 721 (citing *Marion*, 559 F.3d at 697). As to the duration, the 120 days of disciplinary segregation that plaintiff received "is not such an extreme term and, standing alone, would not trigger due process rights." *Marion*, 559 F. 3d at 698 (noting that six months in segregation, without additional facts, did not trigger due process rights). *See also Beamon v. Pollard*, 711 F. App'x 794, 765 (7th Cir. 2018) (holding that "135 days in segregation -- absent any atypical conditions related to confinement -- does not violate the Fourteenth Amendment"). Plaintiff does not allege facts showing that the conditions were unusually harsh or atypical in comparison to his previous cell assignment at WSPF, which is a maximum-security facility. *See Sandin*, 515 U.S. at 486;

8

*see also Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause.").  Although plaintiff also claims that CR #288346 was partially responsible for his placement in administrative confinement, he similarly fails to allege facts showing that he had a protected liberty interest in avoiding such a placement.  *Gibson v. Pollard*, 610 F. App'x 571, 573 (7th Cir. 2015).  Under these circumstances, plaintiff may not proceed with a procedural due process claim against defendants Taylor and Winger in connection with CR #288346.

### 2. False Allegations

Plaintiff appears to claim that he was punished without due process in connection with CR #288346 based on false allegations made by defendant Scullion.  Plaintiff does not describe the allegations or explain why they were false.  He does not otherwise show that he has an actionable claim because a false disciplinary action, by itself, does not establish a procedural due process violation.  *See Ramirez v. Wisconsin, Dane Cty.*, No. 20-cv-1027-wmc, 2023 WL 3309827, at *6 (W.D. Wis. Mar. 13, 2023).  As noted above, a prisoner's entitlement to due process depends on the existence of a protected liberty interest.  *See Lisle*, 933 F.3d at 721; *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (alteration adopted).  Because plaintiff has not shown that his disciplinary proceedings implicated a protected liberty interest, he may not proceed with a due process claim against defendant Scullion for his allegedly false statements.

### 3.  Failure to Investigate

Plaintiff alleges that several defendants, including Stoudt, Boughton, Cirian, Boyer, Ray, Scullion, Taylor, and Winger, denied him due process by failing to adequately review or investigate the administrative grievance that he filed about CR #288346.  This too fails to state a claim.  The Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened.  *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  Thus, the "mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  Accordingly, plaintiff may not proceed with a due process claim against defendants Stoudt, Boughton, Cirian, Boyer, Ray, Scullion, Taylor, and Winger for any alleged failure to investigate.

## C.  Fourteenth Amendment Equal Protection Claims

Plaintiff alleges that defendants Taylor and Winger violated his right to equal protection during the disciplinary hearing related to CR #288346.  The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  It protects against intentional and arbitrary discrimination.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).  Plaintiff does not allege that he was singled out, discriminated against, or treated differently from any other similarly situated prisoner.  Therefore, he may not proceed with an equal protection claim.

Absent a viable claim, the amended complaint must be dismissed. The court notes that plaintiff has already filed several amended complaints in this case, which the court has also reviewed. (Dkt. ##9, 11, 13, 16.) Because the court has no reason to believe that plaintiff could further amend his complaint to state a viable claim concerning the conduct report that forms the basis of his most recent amended complaint, the court will not offer him an additional opportunity to amend. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis original and citation and quotation marks omitted).

## ORDER

IT IS ORDERED that:

1. The proposed amended complaint filed by plaintiff Jeff Poff (dkt. #18) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

2. The clerk's office is directed to close this case and enter judgment.

Entered this 26th day of February, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge